JAMES A. WILLIAMS AND CHERYL P. WILLIAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 17275-81.
United States Tax Court
T.C. Memo 1983-360; 1983 Tax Ct. Memo LEXIS 427; 46 T.C.M. (CCH) 523; T.C.M. (RIA) 83360; June 20, 1983. James A. Williams, pro se. Richard G. Convincer, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This case is before us on respondent's motion for summary judgment pursuant to Rule 121 [1]. Respondent determined a deficiency of $874.00 in petitioners' 1977 Federal income taxes. The sole issue for decision is whether expenses incurred by petitioner in taking a pilot training course are nondeductible to the extent of reimbursement by the Veterans' Administration. All material facts have been stipulated and are found accordingly. There being no material fact in dispute, we need *428 only apply the relevant law in order to rule on this motion. Petitioners, husband and wife, resided in Lake Worth, Florida, when they filed their 1977 joint Federal income tax return and when they filed their petition. During 1977, James A. Williams (hereinafter "petitioner") was employed as a commercial pilot by United Technologies. He incurred $3,503.00 of educational expenses as tuition for a flight training course. However, petitioner was entitled to and did receive reimbursements from the Veterans' Administration in the amount of $3,152.70. The reimbursements were not reported as income by petitioners on their 1977 Federal income tax return, yet they did claim a deduction of $3,600.00 for educational expenses including amounts reimbursed by the Veterans' Administration. In his notice of deficiency, respondent disallowed $3,152.70 of the claimed deduction as an educational expense allocable to tax exempt income. Respondent does not contest the educational nature of the flight training course, but he argues that the expenses for the course are nondeductible to the extent they are attributable to the tax exempt income that petitioner received from the Veterans' Administration. *429 In on appeal (9th Cir. September 20, 1982), we addressed this very same issue under substantially the same circumstances and held that section 265 barred the deduction of flight training expenses reimbursed by the Veterans' Administration. Under this provision of the Code, no deduction is allowed for any amount otherwise allowable as a deduction, which is "allocable to" a class of income exempt from tax. In Manocchio, we found that the reimbursements received from the Veterans' Administration qualified as a class of exempt income and that the fundamental nexus between the reimbursement and the expense brought such expense within the "allocable to" requirement of the statute. We have considered all other arguments advanced by petitioner and find them irrelevant and unpersuasive. Manocchio is dispositive of this case. Therefore, we hold that respondent was correct in his disallowance of the deduction claimed by petitioners for reimbursed educational expenses. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to Tax Court Rules of Practice and Procedure. All Section References are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩